HEARD APRIL TERM, 1875.

## PERRY *vs.* SULLIVAN MANUFACTURING COMPANY.

The conclusions of a Referee upon issues of fact, in a chancery case, have the force and effect of the verdict of a jury, and can only be set aside upon principles which would warrant the setting aside of a verdict and granting a new trial.

Though the evidence is conflicting, yet, if there is enough to sustain the conclusion of the Referee, it must stand.

BEFORE COOKE, J., AT GREENVILLE, JULY, 1874.

This was an action by William Perry, plaintiff, against the Sullivan Manufacturing Company, defendant, for injunction and account.

The case was referred to a Referee " to take the testimony and make a full report to this Court, upon the law and facts thereof, and upon all the issues involved."

The Referee made a report upon the different items of the account, and, amongst other items, he reported in favor of the plaintiff a claim set up by him for $1,500 for services rendered by him to the defendant. He reported a balance due by the plaintiff to the defendant, at the foot of the account, of $560.48, and that, as the suit was necessary for the protection of the plaintiff, the defendant do pay the costs.

The defendant excepted to the report, and, upon the hearing thereof, and the testimony reported by the Referee, His Honor overruled so much of the report as allowed the plaintiff's claim of $1,500 and directed the costs to be paid by defendant, and confirmed the same in other particulars.

The plaintiff appealed.

*Earle*, for appellant.

*Sullivan & Stokes*, contra.

October 1, 1875.   The opinion of the Court was delivered by

WRIGHT, A. J.   The issues both of law and of fact arising in the said case were referred to the Referee, who, with a full statement of the evidence, made his report.   Exceptions were filed by the respondent, of which it is only necessary to notice two, which were sustained by the Court.   The ruling in regard to them the appellant now seeks to reverse.

The Referee found, as an issue of fact, that the plaintiff below (the appellant here) had rendered certain services to the defendant to the value of $1,500, and, as an issue of law, that he was entitled to set off the said sum against the amount which he had found to be due by the said plaintiff to the said defendant.   The Referee also recommended that the costs be paid by the said defendant. The allowance of these exceptions is charged as error.   No question was made as to the right of the appellant to set off the said sum against the demand established against him ; the whole issue was one of fact, whether the said services were rendered, and, if so, was the sum allowed as compensation above their true value.   The Circuit Judge overruled the allowance of the said sum " as contrary to the evidence in the case."   As we have not been favored with his views in respect to the evidence, which was heard and reported by the Referee, we do not know whether to refer his action to his impression that no services were rendered by the appellant which could be made the subject of a charge, or, if they could constitute a charge, whether the sum allowed was not in excess of their value. The view that we take of this case will apply to either or both of the said aspects.

We have on more than one occasion expressed the views by which this Court will be governed on appeals in chancery cases in-

volving only questions of fact, both where they are made on the conclusions of the Judge below, from the testimony heard *ore tenus* by him, or reached through the report of a Referee in which he either concurs or from which he may differ. In *Dewitt et al.* vs. *Atkinson et al.*, (decided at the last term,) where the whole testimony was taken by the Referee, we felt bound to sustain his judgment, although overruled by the Circuit Court, because, as was there said, the presiding Judge had no better means of estimating the comparative force of the evidence as rendered by the respective witnesses. His opportunity of discriminating either as to their relative intelligence or the effect of their manner while testifying was not greater than that allowed to us. His impressions, as our own, are only derived from the report of the Referee, who, from a knowledge of the witnesses, has a better opportunity of comparing their intelligence and determining the effect of their evidence.

When a case is referred to a Referee to ascertain facts, he is substituted in the place of a jury, and his report should be recognized as equivalent to the verdict of such a body. "When the Referee is to report the facts, the report shall have the effect of a special verdict."—Code, § 296.

The same considerations which would govern the Judge on a motion to set aside a verdict and grant a new trial should prevail on a motion to reverse the report of a Referee on the facts. No distinctions should be made in the principles which are to be applied, whether the question arises in the one form or in the other. The Referee hears the whole testimony, as does the jury, and both have the benefit of its full examination and elucidation through the argument of counsel. If the question had arisen on the verdict of a jury, in the place of a report by a Referee, we do not see how the Judge, in the case before us, could have set it aside by an order for a new trial. Although the testimony may be conflicting, yet if there is enough to sustain the conclusion of the Referee on the facts, it should prevail. This is the rule which is applied to the verdict of a jury, and the same principle should govern the determination of an issue of fact by a Referee. They are both mediums provided by law for the ascertainment of facts—the rules of evidence alike governing both.

As we have said in other cases, we do not feel bound, in declaring our convictions from the consideration of testimony, to enter

into any discussion of the views which may be taken of what was said by each witness and a comparison of the evidence of one with that of another. We look to the whole, and, by a consideration of its full scope, form our judgment. It is enough to say that in the conflicting testimony we do not see such a clear preponderance in favor of the respondent as should alone justify the action of the Court below.

The order disallowing the $1,500 reported in favor of the appellant is reversed. This will leave a balance in his favor, which result must necessarily affect the question of costs. Looking to all the circumstances, we think each party should pay his own, and it is so ordered.

Let the case be remanded to the Circuit Court for such orders as may be necessary to conform its judgment to the views of this Court herein declared.

*Moses*, C. J., and *Willard*, A. J., concurred.